1  Dale Dorfmeier, Esq.; SBN 076266
   PETRIE, DORFMEIER & MORRIS, LLP
2  2014 Tulare Street, Suite 830
   Fresno, CA 93721
3  Telephone (559) 498-6522

4

5  Attorneys for Defendants, UNITED
   GENETICS SEED COMPANY, INC.,
6  and REMO LUDERGNANI

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

| 11 | DOS VALLES, S.A., a foreign corporation organized and existing under the laws of Panama, and COMEX, S.A., a foreign corporation organized and existing under the laws of Panama, | Case No. C08-01077 |
|----|---|---|
| 12 | | |
| 13 | | ANSWER TO FIRST AMENDED COMPLAINT; AND COUNTER CLAIM OF UNITED GENETICS SEED COMPANY, INC.; DEMAND FOR JURY TRIAL |
| 14 | | |
| 15 | Plaintiffs, | |
| 16 | v. | |
| 17 | UNITED GENETICS SEED COMPANY, INC., a business entity of unknown form; and REMO LUDERGNANI, an individual, | |
| 18 | | |
| 19 | Defendants. | |

20

21

22              **DEMAND FOR JURY TRIAL**

23       Defendants, UNITED GENETICS SEED COMPANY, INC. and

24  REMO LUDERGNANI hereby demand trial by jury.

25              **RESPONSE TO FIRST AMENDED COMPLAINT**

26       1.   These answering defendants deny each and every allegation

27  contained in paragraphs 1, 2, and 3.

28       2.   These answering defendants admit the allegations in

paragraph 4 that UNITED GENETICS SEED COMPANY, INC., is a corporation with its principal place of business in Hollister, California. Admit that UNITED GENETICS SEED COMPANY, INC., is a developer and seller of agricultural seeds, and deny each and every allegation therein contained.

3.     These answering defendants admit the allegations in paragraph 5 that REMO LUDERGNANI is an individual and president of UNITED GENETICS SEED COMPANY, INC., and a resident of California, and deny each and every other allegation therein contained.

4.     These answering defendants deny each and every allegation contained in paragraphs 6 and 7.

5.     These answering defendants admit the allegations in paragraphs 8 and 9 that UNITED GENETICS SEED COMPANY, INC., and LUDERGNANI are residents of California, and deny each and every other allegation therein contained.

6.     These answering defendants admit the allegations in paragraph 10 that Antunez met LUDERGNANI in Bakersfield, California, and deny each and every other allegation therein contained.

7.     These answering defendants admit the allegations in paragraph 11 that DOS VALLES ordered watermelon seed from UNITED GENETICS SEED COMPANY, INC., for delivery in Panama, and deny each and every other allegation therein contained.

8.     These answering defendants admit the allegations paragraph 12 that UNITED GENETICS SEED COMPANY, INC., shipped approximately 400 cans of watermelon seed to agents for DOS VALLES and Panama labeled Early Beauty, and deny each and every other allegation therein contained.

9.     These answering defendants deny each and every allegation contained in paragraphs 13 and 14.

1    10. In responding to paragraphs 15 of the plaintiff's First Amended Complaint, these answering defendants lack sufficient information and belief with which to admit or deny the allegations herein, and therefore deny on that basis each and every allegation herein contained.

2    11. These answering defendants deny each and every allegation contained in paragraph 16.

3    12. These answering defendants admit the allegations in paragraph 17 that there was discussions between DOS VALLES and LUDERGNANI about butternut squash seed supplied by UNITED GENETICS SEED COMPANY, INC., and deny each and every other allegation therein contained.

4    13. These answering defendants admit the allegations contained in paragraph 18 and that DOS VALLES ordered a delivery of high-ultra F1 butternut squash from UNITED GENETICS SEED COMPANY, INC., for delivery in Panama, and deny each and every other allegation therein contained.

5    14. These answering defendants admit the allegations in paragraph 19 that UNITED GENETICS SEED COMPANY, INC., acquired the butternut squash seeds from Seed by Design and relabeled them as Ultra after repackaging them as alleged herein, and deny each and every other allegation therein contained.

6    15. In responding to paragraphs 20 and 21 of plaintiff's First Amended Complaint, these answering defendants lack sufficient information and belief with which to admit or deny the allegations herein, and therefore deny on that basis each and every allegation herein contained.

7    16. These answering defendants deny each and every allegation contained in paragraph 22.

8    17. These answering defendants incorporate all previous

admissions and denials and deny each and every allegation that are contained in each of the above paragraphs.

18. These answering defendants deny each and every allegation contained in paragraphs 24, 25, and 26.

19. These answering defendants incorporate all previous admissions and denials and deny each and every allegation that are contained in each of the above paragraphs.

20. These answering defendants deny each and every allegation contained in paragraphs 28, 29, 30 and 31.

21. These answering defendants incorporate all previous admissions and denials and deny each and every allegation that are contained in each of the above paragraphs.

22. These answering defendants admit the allegations in paragraphs 33 and 34.

23. These answering defendants admit the allegations in paragraph 35 that UNITED GENETICS SEED COMPANY, INC., was aware that its seed products were being purchased by others, and deny each and every allegation therein contained.

24. These answering defendants deny each and every allegation contained in paragraphs 36, 37, 38, 39 and 40.

25. These answering defendants incorporate all previous admissions and denials and deny each and every allegation that are contained in each of the above paragraphs.

26. These answering defendants admit the allegations in paragraph 42 that there were discussions concerning the purchase of seeds between DOS VALLES and UNITED GENETICS SEED COMPANY, INC., and deny each and every allegation therein contained.

27. These answering defendants deny each and every allegation

1  contained in paragraphs 43, 44, 45 and 46.

2      28. These answering defendants admit the allegations in
3  paragraph 47 that DOS VALLES has notified UNITED GENETICS SEED
4  COMPANY, INC., of its claims for damages, and deny each and every
5  allegation herein contained.

6      29. These answering defendants incorporate all previous
7  admissions and denials and deny each and every allegation that are
8  contained in each of the above paragraphs.

9      30. These answering defendants admit the allegations in
10 paragraph 49 that UNITED GENETICS SEED COMPANY, INC., is a merchant
11 of agricultural seeds including watermelon and squash, and deny each and
12 every other allegation therein contained.

13     31. These answering defendants deny each and every allegation
14 contained in paragraphs 50, 51, and 52.

15     32. These answering defendants incorporate all previous
16 admissions and denials and deny each and every allegation that are
17 contained in each of the above paragraphs.

18     33. These answering defendants deny each and every allegation
19 contained in paragraphs 54, 55, and 56.

20     34. These answering defendants incorporate all previous
21 admissions and denials and deny each and every allegation that are
22 contained in each of the above paragraphs.

23     35. These answering defendants deny each and every allegation
24 contained in paragraphs 58, 59, 60, and 61.

25     36. These answering defendants incorporate all previous
26 admissions and denials and deny each and every allegation that are
27 contained in each of the above paragraphs.

28     37. These answering defendants deny each and every allegation

1  contained in paragraphs 63, 64, 65, 66, 67, and 68.

2        38. These answering defendants incorporate all previous admissions and denials and deny each and every allegation that are contained in each of the above paragraphs.

      39. These answering defendants deny each and every allegation contained in paragraphs 70, 71, 72, 73, and 74.

      40. These answering defendants incorporate all previous admissions and denials and deny each and every allegation that are contained in each of the above paragraphs.

      41. These answering defendants admit the allegations in paragraph 76 that DOE VALLES purchased a supply of watermelon seed from UNITED GENETICS SEED COMPANY, INC., and that DOS VALLES promised to pay for the seeds they had ordered, and deny each and every other allegation therein contained.

      42. These answering defendants deny each and every allegation contained in paragraphs 77, 78, and 79.

      43. These answering defendants incorporate all previous admissions and denials and deny each and every allegation that are contained in each of the above paragraphs.

      44. In responding to paragraph 81 of plaintiff's First Amended Complaint, these answering defendants lack sufficient information and belief with which to admit or deny the allegations herein, and therefore deny on that basis each and every allegation herein contained.

      45. These answering defendants deny each and every allegation contained in paragraphs 82, 83, 84, and 85.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Comparative Fault)**

1  Defendants are informed and believe, and thereon allege, that at all
2  times mentioned in Plaintiffs' complaint, that the Plaintiffs were careless and
3  negligent for their own safety and interests, and that such comparative fault
4  bars or diminishes any recovery in this action.

### SECOND AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

These answering defendants are informed and believe, and thereon allege, that at all times mentioned in Plaintiffs' complaint, that the plaintiffs knowingly and voluntarily assumed the risk of their own behavior and the risks of injury inherent in such behavior, and that by assuming the risk of injury, is barred from recovery in this action.

### THIRD AFFIRMATIVE DEFENSE
### (Third Party Negligence)

Defendants are informed and believe, and thereon allege, that another Defendant, or third party not yet joined in this action, was careless and negligent, and that such carelessness and negligence proximately contributed to the happening of the defect and the nonconformity, injuries, and damages, if any, which these Defendants expressly deny.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

These answering Defendants allege that the complaint and each alleged count therein, fails to state facts sufficient to constitute a cause of action as to these answering Defendants.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

These answering Defendants allege that the complaint, and each alleged count therein, is barred by the statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

**(Joint Venture)**

These answering Defendants are informed and believe, and thereon allege, that the Plaintiffs and others were engaged in a joint venture in the acts and conduct alleged in Plaintiffs' complaint, and that the negligence and carelessness of the other joint venturers is imputed to plaintiff so as to bar or diminish any recovery herein.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendants are informed and believe, and thereon allege, that Plaintiffs could have, without undue expense or hardship and by the use of due care limited and mitigated their damages, and failed to do so.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Misuse & Abuse of the Product)**

These answering Defendants are informed and believe, and thereon allege, that Plaintiffs failed to use the product according to directions, or in a foreseeable manner, and disregarded applicable warnings, thereby misusing and abusing the product and it's intended purpose, and that such misuse and abuse bars or diminishes any recovery in this action.

**NINTH AFFIRMATIVE DEFENSE**

**(Force Majure)**

These answering Defendants are informed and believe, and thereon allege, that the pests, weather, and circumstances responsible for injury to Plaintiffs' crop, if any existed, was the result of uncontrollable forces of nature and an act of God, not capable of being limited by known tools or materials available to Defendants' employees despite any express or implied agreement or warranty to the contrary, if any existed which is denied, or any duty of care to Plaintiffs, if any such duty existed.

**TENTH AFFIRMATIVE DEFENSE**

**(Untimely Warranty Notice)**

Plaintiffs failed to give Defendants timely notice of the breach of warranties, if any, as alleged in Plaintiffs' complaint herein which would have allowed Defendants a chance to cure the defective performance, if any, and Plaintiff are therefore barred from any recovery for damages as a result thereof (Commercial Code Section 2607(3)(a)).

**ELEVENTH AFFIRMATIVE DEFENSE**

**(UCC Warranty Disclaimer)**

These answering defendants are informed and believe, and thereon alleges, that all warranties as alleged in Plaintiffs' complaint herein, were disclaimed by contract between the parties, and that Plaintiffs are not entitled to recover damages, if any, for breach of any warranty.

**TWELFTH AFFIRMATIVE DEFENSE**

**(UCC Failure to Inspect)**

Defendants are informed and believe, and thereon allege, that Plaintiffs had ample time and a reasonable opportunity to inspect Defendants' tender of goods and failed to make a reasonable inspection of the goods before resale. Plaintiffs are therefore barred from claiming damages as a result of the non-conforming goods (Commercial Code Sections 2602, 2603).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(UCC  Waiver of Nonconformance)**

Plaintiffs have waived any defects in Defendants' tender by failing to particularize the nonconformity and informing Defendants and giving Defendants time to cure the defect, if any (Commercial Code Section 2605).

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(UCC Offset)**

Should Plaintiff recover from Defendants any damages as a result of the use of the goods, then Defendants shall be entitled to offset the unpaid

1  amount of the invoice and shipping charges against any money owing to
2  Plaintiffs.
3  DATED: April 14, 2008

           PETRIE, DORFMEIER & MORRIS, LLP

           By   //S// DALE DORFMEIER
           Dale Dorfmeier, Attorneys for Defendants
           UNITED GENETICS SEED COMPANY, INC.
           and REMO LUDERGNANI

-oOo-

## COUNTER CLAIM OF UNITED GENETICS SEED COMPANY, INC.; DEMAND FOR JURY TRIAL

   For its Counter-Claim, pursuant to FRCP 13(a), Defendant alleges as follows:

## PARTIES

1. Defendant/Counter-Claimant, UNITED GENETICS SEED COMPANY, INC., (hereinafter "UNITED GENETICS") is a corporation duly organized under the laws of the State of California, Corporation Number C1663202, and incorporated on April 24, 1990, having its principal place of business at 8000 Fairview Road, Hollister, California 95023. UNITED GENETICS packs seed and distributes it around the world.

2. Plaintiff DOS VALLES, S.A., is a business entity, form unknown, with its principal place of business in Panama City, Republic of Panama. At all relevant times herein, DOS VALLES held itself out as engaged in the business of growing, marketing and exporting fresh fruits and other perishable agricultural products.

**JURISDICTION**

3. This Court has jurisdiction of this counter-claim pursuant to Federal Rule of Civil Procedure, Rule 13(a). The Court has jurisdiction original jurisdiction over this action pursuant to 28 U.S.C. Section 1332(a)(2) as the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of the Republic of Panama (DOS VALLES and Comexa, S.A.) and citizens of the State of California (UNITED GENETICS and REMO LUDERGNANI).

4. Pursuant to 28 U.S.C. Section 1396(a) venue of the original claim and counter-claim lie in the Northern District of California in that UNITED GENETICS resides within the Northern District of California, specifically the County of San Benito, in the State of California, and (b) a substantial part of the events or omissions giving rise to the original claims and the counter-claims occurred in this District.

**GENERAL ALLEGATIONS**

5. From October, 2005, to February, 2006, UNITED GENETICS sold seed to DOS VALLES.

6. A total of $42,965.50, plus interest, is due and owing since February 5, 2006 for the seed which UNITED GENETICS sold to DOS VALLES.

**FIRST COUNTER CLAIM FOR RELIEF**
**(OPEN BOOK ACCOUNT)**

7. UNITED GENETICS realleges and incorporates by reference the allegations of the preceding paragraphs of this Complaint as though fully set forth herein.

8. DOS VALLES, S.A., became indebted to UNITED GENETICS within the last four years on an open book account.

9. The amount of $42,965.50 is due and owing on an open book

account for the seed which UNITED GENETICS sold DOS VALLES between October, 2005 and February, 2006.

10. DOS VALLES has failed and refused to pay the $42,965.50 due and owing, in spite of UNITED GENETICS demand; $42,965.50 is the reasonable value of the seed sold by UNITED GENETICS to DOS VALLES.

11. As a result of DOS VALLES' failure and refusal to pay the $42,965.50 due and owing, UNITED GENETICS hereby sues for the $42,965.50, plus interest, and reasonable attorney's fees and costs.

## SECOND COUNTER CLAIM FOR RELIEF
## (MONEY DUE AND OWING)

12. UNITED GENETICS realleges and incorporates by reference the allegations of the preceding paragraphs of this Counter Claim as though fully set forth herein.

13. DOS VALLES became indebted to UNITED GENETICS within the last two years for work, labor, services, and materials rendered at the special instance and request of DOS VALLES for which DOS VALLES agreed to pay UNITED GENETICS.

14. DOS VALLES agreed and promised to pay for the goods and merchandise which its was sold by UNITED GENETICS between October, 2005, and February, 2006 and which was delivered to DOS VALLES. However, to date, $42,965.50 remains unpaid and owing for the goods and merchandise.

15. As a result of DOS VALLES' failure and refusal to pay the $42,965.50 due and owing, UNITED GENETICS hereby sues for the $42,965.50, plus interest, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

1. That Judgment be entered in favor of UNITED GENETICS.

2. That UNITED GENETICS be awarded $42,965.50.

3.      For prejudgment interest at the legal rate.

4.      For reasonable attorney's fees and costs of suit herein.

5.      For such other and further relief as the Court may deem just and proper.

DATED: April 14, 2008

          PETRIE, DORFMEIER & MORRIS, LLP


          By   //S// DALE DORFMEIER
          Dale Dorfmeier, Attorneys for Defendant/Counter-Claimant, UNITED GENETICS SEED COMPANY, INC., and Defendant, REMO LUDERGNANI

**-oOo-**

### **DEMAND FOR JURY TRIAL**

Counter claimant UNITED GENETICS, hereby demands a trial by jury for this action, consistent with its rights under State and Federal law.

DATED: April 14, 2008

          PETRIE, DORFMEIER & MORRIS, LLP


          By   //S// DALE DORFMEIER
          Dale Dorfmeier, Attorneys for Defendant/Counter-Claimant, UNITED GENETICS SEED COMPANY, INC., and Defendant, REMO LUDERGNANI

1  **PROOF OF SERVICE (Code Civ. Proc., §§1013a, 2015)**

2  STATE OF CALIFORNIA, COUNTY OF FRESNO

3       I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 2014 Tulare Street, Suite 830, Fresno, California 93721.

     On **April 14, 2008**, I served the foregoing document described as **ANSWER TO FIRST AMENDED COMPLAINT; AND COUNTER CLAIM OF UNITED GENETICS SEED COMPANY, INC.; DEMAND FOR JURY TRIAL** on the other parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Richard Al Sipos, Esq.<br>Carl D. Ciochon, Esq.<br>WENDEL, ROSEN, BLACK & DEAN LLP<br>1111 Broadway, 24th Floor<br>Oakland, CA 94607-4036<br>FAX: 510 834-1928<br>E-Mail: rsipos@wendel.com<br>cciochon@wendel.com | Attorneys for Plaintiffs, DOS VALLES, S.A. and COMEXA, S.A. |

**BY ELECTRONIC MAIL:**

     As follows: I caused the above named document to be filed with the United States District Court, Northern Division of California's Case Management/Electronic Case Filing (CM/ECF) System where upon it was electronically delivered to the parties in this case through their electronic mail addresses.

     Executed on **April 14, 2008** at Fresno, California.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| | |
|---|---|
| **Jalee Furr**<br>Type or Print Name | //S// JALEE FURR<br>Signature |