1  Richard A. Sipos, Bar No. 126982
   Email: rsipos@wendel.com
2  Carl D. Ciochon, Bar No. 165963
   Email: cciochon@wendel.com
3  **WENDEL, ROSEN, BLACK & DEAN LLP**
   1111 Broadway, 24th Floor
4  Oakland, California 94607-4036
   Telephone: (510) 834-6600
5  Fax: (510) 834-1928

6  Attorneys for Plaintiff Comexa, S.A. and Plaintiff
   and Counterclaim Defendant Dos Valles, S.A.
7

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 DOS VALLES, S.A., a foreign corporation         Case No. C08-01077 EMC
   organized and existing under the laws of
12 Panama, and COMEXA, S.A., a foreign             **JOINT CASE MANAGEMENT
   corporation organized and existing under        CONFERENCE STATEMENT & REPORT
13 the laws of Panama,                             OF THE PARTIES PURSUANT TO RULE
                                                   26(f)**
14          Plaintiffs,

15     vs.

16 UNITED GENETICS SEED COMPANY,
   INC., a business entity of unknown form;
17 REMO LUDERGNANI, an individual,

18          Defendants.

19
   UNITED GENETICS SEED COMPANY,
20 INC.,

21          Counterclaimant,

22     vs.

23 DOS VALLES, S.A.,

24          Counterclaim
            Defendant.
25

26

27

28

015042.0001\847339.1   *JOINT CASE MANAGEMENT STATEMENT*
                       *Case No. C08-01077 EMC*

The Parties, Plaintiff and Counterclaim Defendant Dos Valles, S.A. ("Dos Valles") and Plaintiff Comexa, S.A. ("Comexa") and Defendant and Counterclaimant United Genetics Seed Company, Inc. ("UGS") and Remo Ludergnani ("Ludergnani"), hereby submit this Joint Case Management Conference Statement/Report of the Parties pursuant to Civil Local Rule 16-9 and Rule 26(f), Federal Rules of Civil Procedure.

**1.     Jurisdiction and Service.** Jurisdiction is based on 28 U.S.C. §1332(a)(2). Defendants UGS and Ludergnani ("Defendants") do not contest jurisdiction. All parties have been served.

**2.     Facts.** This is a claim for property damage to agricultural commodities grown in Panama by plaintiffs Dos Valles S.A and Comexa S.A. ("Plaintiffs"). The amount of damages claimed for property losses and consequential damages exceeds $75,000. Plaintiffs purchased watermelon and butternut squash seed from UGS. Plaintiffs allege the seeds were defective and/or diseased. Plaintiffs also allege that some of the watermelon seeds were mislabeled. The watermelons were grown and harvested, but did not withstand shipment to foreign ports and had to be salvaged or dumped. The butternut squash seed was planted but the Ministry of Agriculture required the plants to be destroyed after the seed tested positive for prohibited diseases. UGS denies responsibility for these losses.

Plaintiffs claim UGS was the alter ego of its president Remo Ludergnani and that Mr. Ludergnani intentionally mislabeled watermelon seeds. UGS and Mr. Ludergnani deny these allegations.

UGS has counterclaimed for damages of about $46,000 that Dos Valles allegedly owes for unpaid seeds. Dos Valles denies these allegations.

**3.     Legal Issues:**

    **(a)**     Choice of law:

        **(i)**     Applicability of the California Commercial Code and common law.

        **(ii)**     Applicability of Panamanian regulations on seed testing before use.

    **(b)**     Breach of contact:

        **(i)**     Formation and terms of the contracts.

|   |   |   |   |
|---|---|---|---|
| 1 |   | (ii) | Performance & breach. |
| 2 | (c) | Breach of warranties: | |
| 3 |   | (i) | Applicability of UCC implied warranties. |
| 4 |   | (ii) | Warranty disclaimers by UGS. |
| 5 | (d) | Negligence and Negligence per se: | |
| 6 |   | (i) | Scope of duty. |
| 7 |   | (ii) | Claimed violations of various seed labeling laws: |

        A.    Federal Seed Act 7 (U.S.C. §1571(D))

        B.    California Seed Law (Cal. Food & Agr. Code §52482)

(e) Products liability

    (i) Economic loss rule

    (ii) Existence of a "defect" in the seed

(f) Fraud/Deceit/Misrepresentation

    (i) Existence and content of any representations, if any

    (ii) Falsity of same

    (iii) Intentional or negligent misrepresentations, if any

    (iv) Justified reliance

(g) Alter ego

(h) Negligent interference with economic relation

(i) Causation

(j) Nature and extent of the damages

    (i) Property damages

    (ii) Economic damages

    (iii) Consequential damages

(k) On counter claim, outstanding invoices and non payment of same; potential offset against Dos Valles claims.

(l) Punitive Damages.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607-4036

4. **Motions.**

    (a)    There are no pending motions

    (b)    No motions are anticipated at this time.

5. **Amendment of the pleadings.** Defendants may seek to join third parties, including Seeds by Design and/or Casa de Agriculture, and/or shipping companies.

6. **Evidence Preservation.** The parties have taken, and will take, reasonable steps to preserve relevant evidence, including retention of sample seeds, photographs, and electronically stored data.

7. **Rule 26 Disclosures.** Consistent with the Order Setting Initial Case Management Conference, the parties will make initial disclosures pursuant to Rule 26 on or before May 21, 2008.

8. **Discovery**

    (a)    No discovery has been taken to date.

    (b)    Scope of Discovery. Plaintiffs' discovery efforts are currently expected to focus on the suitability of the seeds it purchased for their intended purpose, Defendants' knowledge of suitability issues, and the mislabeling of certain seeds. Defendants discovery efforts are currently expected to focus on Plaintiffs' cultivation practices and their damages claims (both causation and amounts). With respect to punitive damages discovery, Defendants believe that California Civil Code §3295 applies; while Plaintiffs at this time take no position on the applicability of this provision, they have agreed that such discovery, if any, should be delayed until later in the case.

    (c)    Proposed limitations or modifications of discovery rules. Defendants believe that the limitation on number of depositions may need to be modified due to the number of witnesses residing outside of trial subpoena range, and that the limit on the length of depositions may need to be modified due to translation delays. Plaintiffs believe it is premature to discuss modification of discovery limitations (but are willing to discuss ways to ensure that translation delays do not prejudice Defendants' right to conduct reasonable discovery).

      **(d)** Preliminary Discovery Plan. The parties propose to phase this litigation, with an initial round of discovery to be followed by mediation. Their proposed Phase I discovery plan is as follows:

            **(i)** Initial Disclosures to be made on or before May 21, 2008.

            **(ii)** Preliminary written discovery, including production of documents, to be completed by July 31, 2008.

            **(iii)** Initial round of depositions (maximum of two per side, not including third parties) to be completed by August 31, 2008.

            **(iv)** Initial round of third party discovery (documents and depositions) to be completed by August 31, 2008.

            **(v)** The parties propose that any additional fact discovery, and all expert discovery, should – to the extent necessary – be conducted in a post-mediation Phase II, following a further Case Management Conference.

      **(e)** Additional Discovery Issues. Defendants anticipate having difficulties scheduling and completing discovery due to the out of the USA locations of many witnesses. Depositions and records of witnesses in Panama, Costa Rica, in California, Spain, England, and Miami, Florida are anticipated. Plaintiffs will undertake their best efforts to make witnesses, particularly officers, employees, and agents of Dos Valles and/or Comexa, available for deposition in the United States subject (a) to Visa availability, and (b) Defendants' agreement to reimburse reasonable travel expenses.

**9.**    **Class Action.** Not applicable.

**10.**   **Related Cases.** There are no related cases.

**11.**   **Relief sought.** Money damages on both the complaint and counterclaim. Plaintiffs seek approximately $2.2 million in damages relating to the watermelon seed losses, and $101,000 in damages for the squash seed losses, plus interest at the maximum lawful rate.

UGS seeks approximately $46,000 on its outstanding invoices to Dos Valles.

**12.**   **Settlement and ADR.** The parties mediated before the Hon. Richard Silver (Ret.) before the lawsuit was filed. The parties believe that a further mediation should be conducted

following an initial round of Phase I discovery (per the Preliminary Discovery Plan outlined above).

13.  **Consent to Magistrate.**  The parties have consented to have Magistrate Judge Edward M. Chen conduct all further proceedings including trial and entry of judgment.

14.  **Other references.**  No other references are anticipated at this time.

15.  **Narrowing of the issues.**  Defendants believe the pending complaint needs to be narrowed and that the case is essentially one for money damages.  Plaintiffs believe it is premature to discuss narrowing of issues, but agree that if the case does not settle following mediation, the parties should then meet and confer to determine whether the case can be narrowed.

16.  **Expedited schedule.**  Due to the international aspects of this case, an expedited schedule would not be realistic to accomplish what is needed for trial or settlement.

17.  **Scheduling.**

Rule 26 exchange – to be completed by May 21, 2008.

Written discovery – may be served any time after May 7, 2008.

Initial depositions of key parties – to be completed by August 31, 2008.

Site inspection of shipping facilities – Phase II, to be set only if necessary.

Expert disclosure – Phase II, to be set only if necessary.

Discovery cutoff – Phase II, to be set only if necessary.

ADR mediation – to be completed on or before October 31, 2008.

Proposed trial date – The parties believe the case will be ready for trial within twelve months.

18.  Trial:  May 2009.  Jury trial is requested by both sides.  Trial estimate is seven to fifteen court days.

19.  Disclosure of Interested Entities or Persons.

   (a)   Plaintiffs:  Pursuant to Local Rule 3.16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in

1 controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject
2 matter or in a party that could be substantiallyaffected by the outcome of this proceeding:
3 Agrovalley, S.A. (parent of Dos Valles, S.A.); Latina Group BVI, Inc. (parent of Agrovalley,
4 S.A.); Inverpan, S.A. (shareholder of Latina Group BVI, Inc.); GML Capital LLC (shareholder of
5 Latina Group BVI, Inc.); Francisco Antunez (shareholder of Comexa, S.A.).

6     **(b)**   Defendants: Defendants United Genetics Seed Company, Inc. and Remo
7 Ludergnani certify that, as of this date, there are no persons, associations, firms, partnerships,
8 corporations (including parent or subsidiary corporations), or other entities other than the
9 Defendants themselves known by Defendants to have a financial interst in the subject matter in
10 controversery or in a party to the proceeding, or other interest that could be substantially affected
11 by the outcome of this proceeding.

12     **20.**   Other matters. None at this time.

14 Dated: May 21, 2008                             WENDEL, ROSEN, BLACK & DEAN LLP

16                                                By: /s/ Carl D. Ciochon
17                                                    Carl D. Ciochon
                                                      Attorneys for Plaintiff and Counterclaim
18                                                    Defendant Dos Valles, S.A. and Plaintiff
                                                      Comexa, S.A.

19 Dated: May 21, 2008                             PETRIE, DORFMEIER & MORRIS, LLP

21                                                By: s/s Dale Dorfmeier
22                                                    Dale Dorfmeier
                                                      Attorneys for Defendant and
23                                                    Counterclaimant United Genetics Seed
                                                      Company, Inc. and Defendant Remo
24                                                    Ludergnani